# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL CASE NO: 1:20-cr-066 |
| Plaintiff, | : | JUDGE McFARLAND |
| v. | : | |
| | : | **GOVERNMENT SENTENCING MEMORANDUM** |
| RAYOND WILLIAMS, | : | |
| Defendant. | : | |

The United States by and through counsel, Assistant United States Attorney, Timothy D. Oakley, respectfully submits to the Court that the United States recommends that the defendant Raymond Williams be sentenced to a total of 114 months. The sentence imposed would be the middle of the range, that being 100 to 125 months for the narcotics offense as calculated by the probation department.

## SENTENCING CALCULATIONS AND RECOMMENDATIONS

United States Probation has recommended a calculation of the defendant's base offense at a level of 27 based on a grouping of the offenses. The starting point is a level 20 pursuant to U.S.S.G.§ 2K2. The defendant then received a 2-level increase for the number of firearms involve. An additional 4 levels are added due to one of the weapons having an obliterated serial number pursuant to U.S.S.G.§ 2K2.1(b)(4) and finally 4 more levels for tampering with evidence under 2K2.1(b)(6) A total of 3 points are deducted for acceptance of responsibility so the total offense level is 27. The defendant's criminal history category was Level IV with a corresponding sentencing range of 100 to 125 months.

**OBJECTIONS:**

There are no objections noted in the final PSR

## STATEMENT OF FACTS FOR SENTENCING

The United States would ask the Court to consider all of the sentencing factors under 18 U.S.C.§ 3553(a). The calculation of the guidelines by the Probation Department is correct.

**As to the nature and circumstances of this defendant:**

What is clear, however, is that the defendant made his living by selling lethal narcotics to people desperate to get high. He thrived from the pain of others. Here, he was also armed with multiple handguns and he possessed these weapons despite his multiple felony convictions. He is a recalcitrant criminal with a history of involvement in violence and drug trafficking. Prior arrests, prior convictions, and prior incarceration have not stopped his life of crime. The defendant has continually ignored the opportunities that the courts have imposed to help the defendant to become a worthwhile citizen.

The defendant's life is unfortunately similar to many that this Court sees. The United States understands that the defendant had a difficult childhood. That fact alone does not excuse the lengthy history of drugs, violence, firearms and flight from police that this defendant has engaged in over the past 20 years. His health has also not kept him from selling narcotics. His has a life of turning to crime, violence, and drugs.

That being, said that lifestyle does not excuse the dealing, in what is also common in the community, lethal narcotics. The victims of these crimes may also come from hardship. Many of them may now be dead. They cannot change, they cannot have relationships with their children. Their families are left to pick up the pieces of their lives while the defendant lives from his actions.

Secondly, a lengthy incarceration is necessary to reflect the seriousness of the offense and provide deterrence to criminal activity. This is now the only option that the defendant has left this Court. Courts prior have offered all other options and he has refused them.

Sadly, treatment and education have not been accepted by the defendant. The result therefore must be that society needs to be protected from this defendant and the term of incarceration as requested is the only viable solution to address his danger.

The sentence sought by the United States does not ignore the circumstances of this particular offense but takes into account the nature of the offense and this particular individual. The United States would respectfully submit that 114 months is adequate punishment for the defendant's behavior. It reflects his actions, his criminal history, and his background. It is not the maximum sentence but does recognize all that makes up this defendant. The Court would therefore be fashioning a sentence no greater than necessary but more adequate to act as a deterrence to criminal behavior. The sentence would reflect the requirements of § 3553 as spelled out above and more appropriately address the defendant.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Timothy D. Oakley*
TIMOTHY D. OAKLEY (0039965)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-2047
Tim.Oakley @usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 10th day of October, 2023, by electronic email upon Jay Clark, Attorney for Defendant.

    *s/Timothy D. Oakley*
    TIMOTHY D. OAKLEY (0039965)
    Assistant United States Attorney