# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.   1:20-CR-066 |
| Respondent, | : | |
| | : | JUDGE McFARLAND |
| v. | : | |
| | : | **GOVERNMENT'S RESPONSE TO** |
| | : | **PETITIONER'S** |
| RAYMOND WILLIAMS, | : | **2255 MOTION** |
| | : | |
| Petitioner. | : | |

## STATEMENT OF ISSUES

**Claim Number One**: Petitioner claims that felony enhancement under the guideline section §2K2.1 for possession of a firearm in connection with another felony is improper due to the fleeing and eluding charge noted in the PSR was not a felony and therefore cannot be used to enhance his sentence.

**Claim Number Two:** Title 18 U.S.C. § 922(g)(1) is unconstitutional.

## HISTORY OF THE CASE:

The Petitioner was charged by a Superseding Indictment on August 25, 2020. He made his initial appearance on the Superseding Indictment in federal court on February 26, 2021, pursuant to a writ of Habeas Corpus ad prosequendum. Ultimately the Petitioner withdrew his former plea of not guilty, and pled to eight of the nine charged counts in the Superseding Indictment, those being two of the seven charged drug counts and the charged firearm violations of, 18 U.S.C. § 922(g)(1), possession of a firearm, on April 18, 2023. The plea agreement contained a waiver of appeal of the conviction and sentence.

The Petitioner was sentenced on December 11, 2023 to a total term of imprisonment of 95 months. Due to the firearms violation being the greater potential sentence than the drug trafficking, the Court adopted the probation department's calculation under 2k2.1. (Pre-Sentence Report Doc. 48, PAGEID #158-198) The PSR included as part of the sentencing calculation, an enhancement of 4 levels for the firearm having an obliterated serial number, an enhancement of 2 levels for the number of firearms recovered from the defendant's residence, and an enhancement of 4 levels for the possession of firearms in connection with another felony. Ultimately the total offense level for sentencing was 27 with a criminal history category of IV. The guideline range was 100 to 125 months. Petitioner did not file a notice of appeal.

The Petitioner filed this action to vacate on December 17, 2024, 3 days beyond the 1-year time limit. Due to concerns about the actual time of mailing, the United States will not at this time object to the lateness of the motion.

**Standards of review:** The standard of review that pertain to the Petitioner's motion is whether the Petitioner has procedurally defaulted raising claims in a § 2255 motion, even those of a constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *United States v. Frady*, 456 U.S.152, 166 (1982) see also *Nagi v. United States*, 90 F3d 130, 134 (6th Cir. 1996) to overcome this hurdle the Petitioner must show either cause and actual prejudice or that he is actually innocent. *Massero v. United States*, 538 U.S. 500, 504 (2003)

**ARGUMENT IN OPPOSITION**:

The Petitioner cannot show any cause or actual prejudice from the Court's sentencing. There is no claim of actual innocence. As such the Motion to vacate must be denied.

With regards to the first claim, the petitioner fails on several fronts. To begin, this is a claim regarding an allegedly erroneous application of the United States Sentencing Guidelines. Nonconstitutional errors ordinarily are not cognizable on Collateral review. Those that may are reviewed under a "cause and prejudice" analysis. *Grant v. United States,* 72 F.3d 503, 506 (1996) That is the case with the Petitioner's first claim. Under *Grant* and the record of the case, he fails on both the law and can show no cause or prejudice.

In his initial claim, Petitioner attempts to parse out one felony from the laundry list of crimes he committed in this matter. The Court discussed the series of felonies the Petitioner committed during the sentencing hearing on December 13, 2023. (sentencing transcript, Doc. 54 PAGEID # 232) The Petitioner focuses solely on the fleeing and eluding charge that the probation officer referenced in paragraphs 61-63 of the PSR. He then attempts to relitigate the nature of the offense. He is not claiming to be innocence of the offense but merely not guilty of the felony level action required. Not only is such argument improper but it is also irrelevant. The Court discussed the series of drug transactions made by the Petitioner as well as the tampering with evidence of attempting throw the firearm away during the police chase. For the record, tampering with evidence is a felony of the 4th degree in Ohio and carries a potential penalty of up to 18 months in prison. The drug trafficking offenses each carried a potential of up to 20 years. It is clear from the record that the enhancement fit and was properly applied.

This same sentencing transcript also invalidates the Petitioner's second argument, the claim that Title 18 U.S.C.§ 922(g)(1) in facially unconstitutional. The entirety of the Petitioner's argument is based on out of district cases and misreading of *New York State Rifle and Pistol Association v. Bruen,* 597 U.S. 1 (2022) *Bruen* did not hold the statute to be facially unconstitutional. It merely set out a framework for lower courts to follow. Later in *United States*

*v. Rahimi*, 602 U.S. 680, 691 (2024) the Court reiterated that the statute was constitutional as it applied to the defendant. *Rahimi* at 691. Petitioner then goes on with a series of cases from outside the 6th Circuit. Petitioner cites *Range v. Attorney General United States of America*, 69 F.4th 96 (3rd Cir. 2023) an out of district case, as the ultimate resolution in his favor. He does not reveal in the argument that *Range* as been vacated and sent back to the lower court for reconsideration under *Rahimi. Garland v. Range,* 144 S.Ct 2706 (2024). *Rahimi* specifically recognized that person who were a danger to society could be disarmed. *Rahimi* at 698-99.

The seminal case in this district is *United States v. Williams,* 113 F.4th 637 (6th Cir 2024). *Williams* held that Title 18 U.S.C.§ 922 is facially constitutional and gives the Court the "as applied" standard. *Williams* at 657. The test regarding dangerous persons is as applied to the defendant. *Id.* at 663. To ascertain the dangerousness of the defendant the Court may look at the entire criminal history of the defendant including all other judicially noticed information, such as the PSR. *Id.* at 660. At the time of the sentencing, the *Williams* case had yet to be decided so that finding of dangerousness had not yet been established as a procedure.

The Court may resolve Petitioner's claims and deny them without a hearing by simply relying on its own recollection and record. *Ray v. United States*, 721 F.3d 758, 761-762 (6th Cir. 2013)

A court determination has been made based on the record as described above. That fact that no actual specific hearing was held is of no real consequence, nor is it prejudicial to the defendant. The Court gave a lengthy description of the dangerousness of the defendant in its colloquy. Drug trafficking, firearms, fleeing from the police at high speed and attempted destruction of evidence are all quoted as sufficient dangerousness of an individual to warrant a

conviction under 922. *Williams* at 659. The dangerous nature of the Petitioner is self-evident and the statute is constitutional as applied to him.

**CONCLUSION:**

Based on the facts and law, the Petitioner's Motion to Vacate sentence must be denied. Petitioner cites no legal or factual authority requiring any type of hearing and no basis for relief.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/Timothy D. Oakley
TIMOTHY D. OAKLEY (0039965)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Tim.Oakley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Opposition was delivered via U.S. Mail on this 2nd day of January 2025, to defendant at:

Raymond Williams
#26858-509
FCI Schuylkill
PO Box 759
Minersville, PA 17954

                                                          s/Timothy D. Oakley
                                                          TIMOTHY D. OAKLEY (0039965)
                                                          Assistant United States Attorney