IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND WILLIAMS,
    PETITIONER,

V.

UNITED STATES OF AMERICA,
    RESPONDENT.

CASE NO. 1:20-CR-066

JUDGE MCFARLAND

## REPLY BRIEF OF THE PETITIONER

INTHAT, Under the Claim Number One, as stated in the Government Response Brief, the use of a charge that, listed in the PSR was not a felony is improper, and cannot be used for the 18 U.S.C. §922(g)(1) charge under Federal law. Another point in Federal law, Rule 32 requires that the Government make aware which of any prior offenses that it chooses to use in its sentencing. For example, in a case where a person has five prior felonies, and the Government, posting the 'predicate offenses' as it must for use at sentencing, makes a legal error in using one that was say, dismissed, or even nolle proseque, or by misstatement, was a misdemeanor offense labelled in error as a felony, that sentence issued for the 'prior felony' is error and reversable. In the case of the Petitioner, his listed 'prior offense' was stated in the PSR as not being a felony offense, thus does not qualify.

On page 3 of 6 in that Government Response, it states;
"The Court discussed the series of drug transactions made by the Petitioner as well as the tampering with evidence of attempting to throw the firearm away during the police chase. For the record, tampering with evidence is a felony of the 4th degree in Ohio and carries a potential penalty of up to 18 months in prison. The drug trafficking offenses each carried a potential of up to 20 years. It is clear from the records that the enhancement fit and was properly applied."

This is incorrect and legal error. Per Rule 32, the charge for the 'prior felony' was listed as the improper 'Fleeing and Eluding." this then under Public Notice, which is what Rule 32 is designed for, was the charge the Government picked, out of the potential others, to go forward with. They cannot, having picked wrongly, then claim, "well, this could have been a felony, so let's use that one," or choose any alternate charge to fill in for the improper one. As Example, In Pennsylvania, in a Federal case, a Petitioner had been arrested with both marijuana and a firearm. The State passed the case to the Federal Government. The Federal Government declared; "We do not care about the marijuana charge, but we will prosecute the firearms charge." The Government charged him under 18 U.S.C. §922(g)(1) and sentenced him on a plea

agreement to the one charge. It listed, as the 'predicate prior felony,' a State crime of "Assault," which carried a sentence of up to 4 years. However, the felony assault charge in the State of Pennsylvania is Aggravated Assault, and carries up to ten years while Simple Assault, which the person was charged with, is a Midemeanor offense. The Federal Government attempted to play the 'year and a day rule,' and claim that since Simple Assault carried 'up to four years,' it remains a felony charge. Under the 18 U.S.C. §1738, "Full Faith and Credit" law, the Federal Goverment cannot reinterpret a State conviction held as a Misdemeanor, and convert it to a Federal felony, even if that offense, <u>had it been committed in the Federal jurisdiction would have constituted a felony</u>. Case in Point is the <u>Simmons</u> Federal gun case, wherein the Federal Government, upon seeing cases where a possession carried; 'up to ten years,' thus they sought to use it for career criminal enhancement. However, the State law dictates that; "*We consider it a midemeanor offense if we give a sentence of five years or less, and a felony offense if we issue a longer sentence.*" 150 cases inthe FederalCourts had to be resentenced, and many were released, when the Federal Court had to remove the career criminal enhancements of all those convicted of misdemeanors but over a year and a day in length from that State. This is no different. The Federal Government in those States chose to use and list, under Rule 32, the 'possession of a firearm' with a term over a year and a day, thus in their eyes a felony offense, thus upon the "Full Faith and Credit" laws, could not merely 'swap' the charges they listed as 'predicate prior felony' with another charge. They had to dismiss, and since the party was convicted,' could not again raise the charge under a different 'predicate offense.' The Government had chosen its 'prior' and was legally stuck with the outcome. The same occurs herein.

    By convicting under 18 U.S.C. §922(g)(1), with what they admit was a misdemeanor 'prior,' they are legally bound by that association. The Courts are rife with cases wherein the 'prior State predicate offenses,' usually in Career Criminal enhancements, are listed, under Rule 32, and if one of the predicates is overturned, the career enhancement must be reversed. It does not matter if the person had five prior felony cases, the list is what binds the Government's case. The list herein was erred, and the conviction must then be reversed.

    The Government goes even further afield on Page 3 of 6, stating;
"For the record, tampering with evidence is a felony of the 4th degree in Ohio and carries a potential penalty of up to 18 months in prison." Only, the Petitioner was never convicted of 'tampering with evidence' in Ohio and thus fails.

WHile the Government, in Page 4 of 6, focuses on the losing case of Rahimi, 144 S.Ct. 2706(S.Ct. 2024)[and why would the Supreme Court have given Rahimi permission to possess a firearm with a road rage incident where he shot at a departing vehicle, or Whataburger, where his friend's credit card was declined and Rahimi shot the place up], versus the cases applicable herein; Neal, Wiliams and Duarte, which are simple firearm 'possession' cases under the Second Amendment, and have not been overturned. Even the recent decision in Quailes (3rd Cir. 2025) held that Quailes could 'possess' a weapon, that a 'prior felon' could not legally be barred 'possession' on just those grounds, and while Quailes also dealt drugs, that does not impact, since simple drug sales are not, in and of itself, 'crimes of violence,' and Quailes could be permitted to 'possess' a firearm. That was the discussion given by this Petitioner, and is being avoided by the Government. The discussion, and Government has waived it by not mentioning it in their Brief, was counsel was ineffective for failing to research and then discuss with this Petitioner, the impact of the Quailes, Williams, Neal and Duarte cases that clearly applied to his matter herein. Therefore, Government has by it failure to deny, conceded that counsel was ineffective.

Even if we were to merely reflect that Government conceded, and they did, on page 3 of 6, that the 'predicate prior' was erred on the PSR, that it did not qualify as a proper felony 'prior offense' under the statute, the fact remains that the counsel advised and encouraged his client to plea, to serve more time for a 'possession' of a 'firearm by a prior felon' and thus abandoned his duty to his client. Government has admitted that fact by the failure to deny it, and furthermore, failed to 4even pursue an AFFIDAVIT from the Counsel on the ineffectiveness claim. Thus the Attorney did also fail to deny that it was ineffective and incompetent.

## REMEDY SOUGHT

Petitioner has exceeded the standard for the requirement of a full Hearing, as the evidence of ineffectiveness of counsel has not been denied, nor has an AFFIDAVIT been obtained from the counsel in their own defense, thus that defense is waived by Briefing laws and Rules. A hearing must then by those Rules, held to determine the extent of that admitted and undenied failure of counsel.

I, Raymond Williams, hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the aforesaid true and correct.

2-22-25
Dated :

Raymond Williams
Signature

Raymond Williems 26858509
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA



HARRISBURG PA 171
27 FEB 2025 PM 3

TO AUSA
U.S. Federal courthouse Rm 103
100 East Fifth Street
Cincinnati, Ohio 45202

LEGAL MALL

45202-390599