IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-66 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| RAYMOND WILLIAMS, | : | |
| Defendant. | : | |

### ORDER DENYING DEFENDANT'S MOTION TO VACATE (Doc. 56)

This matter is before the Court on Defendant Raymond Williams' Motion to Vacate under 28 U.S.C. § 2255 (Doc. 56). The Government filed a Response in Opposition (Doc. 57), to which Defendant filed an untimely Reply in Support (Docs. 58, 59.) Thus, this matter is ripe for the Court's review. For the following reasons, the Court **DENIES** Defendant's Motion to Vacate (Doc. 56).

### BACKGROUND

On April 18, 2023, Defendant Raymond Williams pled guilty to seven counts of distributing fentanyl under 21 U.S.C. § 841(a)(1), as well as one count of possessing a firearm as a prohibited person under 18 U.S.C. § 922(g)(1). (4/18/2023 Minute Entry; Plea Agreement, Doc. 45.) As part of his plea agreement, Defendant waived his right to appeal his conviction and sentence but preserved the ability to bring ineffective assistance of counsel claims. (Plea Agreement, Doc. 45, Pg. ID 116.) The Court sentenced Defendant to 95 months of imprisonment and three years of supervised release on December 11, 2023.

(12/11/2023 Minute Entry.) The judgment of conviction was filed on December 13, 2023, and Defendant did not directly appeal his conviction or sentence. (Judgment, Doc. 52.) On December 16, 2024, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255. (Motion, Doc. 56.)

## LAW AND ANALYSIS

### I. Timeliness of Defendant's Motion to Vacate

With a few exceptions, petitioners seeking relief under 28 U.S.C. § 2255 must file their motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). Here, Defendant's judgment of conviction was entered on December 13, 2023. (Judgment, Doc. 52.) Defendant then had fourteen days to file a notice of appeal, but he did not do so. Fed. R. App. P. 4(b)(1)(A). Accordingly, Defendant's judgment of conviction became final on December 27, 2023, once his time to appeal elapsed. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that a judgment of conviction becomes final after the time to appeal expires); *Benitez v. United States*, 521 F.3d 625, 629-30 (6th Cir. 2008); *Polinski v. United States*, 227 F. Supp. 3d 857, 860 (N.D. Ohio 2016).

The Court received Defendant's Motion on December 16, 2024, which he signed and certified as timely filed on December 5, 2024. (Motion, Doc. 56, Pg. ID 275-76, 294.) Defendant therefore filed his Motion within one year of his judgment of conviction becoming final on December 27, 2023. Defendant's Motion is therefore timely, and the Government does not object to this conclusion. (*See* Response, Doc. 57, Pg. ID 296.)

II.     Defendant's Grounds For Relief

In order to vacate a sentence under 28 U.S.C. § 2255, a petitioner must show that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962). Moreover, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quotations omitted).

Defendant submits two grounds for vacating his sentence: (1) defense counsel was ineffective for failing to argue against the application of a firearm enhancement under U.S.S.G. § 2K2.1(b)(6); and (2) defense counsel was ineffective for failing to contest the constitutionality of 18 U.S.C. § 922(g)(1). (Motion, Doc. 56, 268-69, 277-93.) The Court therefore views both arguments through the lens of ineffective assistance of counsel claims. "The Supreme Court has established that for a criminal defendant in federal custody a motion under 28 U.S.C. § 2255 is generally the preferred mode for raising a claim of ineffective assistance of counsel." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)); *see also Dockery v. United States*, No. 2:11-CR-20104, 2015 WL 1486174, at *7 (W.D. Tenn. Mar. 31, 2015) (examining the merits of the defendant's ineffective assistance of counsel claim concerning a

3

sentencing enhancement when plea agreement preserved his ability to bring such claims).

To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate both that his counsel's performance was deficient and that such performance caused prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the performance prong, a defendant bears the burden of "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Courts, in turn, apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and must resist "the temptation to rely on hindsight." *Id.* at 689; *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001). Additionally, a defendant must satisfy the prejudice prong by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In accounting for this demanding two-part inquiry, the Supreme Court has explained that "surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The Court now considers each of Defendant's claims in turn.

### i. Sentencing Enhancement

Defendant first claims that counsel was ineffective for failing to object to the application of the four-point offense level enhancement under Section 2K2.1(b)(6) of the United States Sentencing Guidelines. (Motion, Doc. 56, Pg. ID 268, 277-79.) This enhancement applies when a defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The guidelines define

4

the term "another felony offense" in this context as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6), Application Note 14(C).

The Court applied this enhancement because Defendant pled guilty to seven felony counts of distributing fentanyl and possessed multiple firearms in proximity to drugs in a stash house, as well as on his person. (Sentencing Transcript, Doc. 54, Pg. ID 232; *see also* Presentence Investigation Report, Doc. 48, Pg. ID 169, 171.) On top of these drug trafficking felonies, the Court further noted that Defendant had tampered with evidence when he discarded a firearm from his vehicle while fleeing from law enforcement. (Sentencing Transcript, Doc. 54, Pg. ID 232.) This conduct resulted in evidence tampering and failure to comply charges being filed against him in Hamilton County Court of Common Pleas. (*Id.*)

It appears that Defendant argues that counsel should have objected to the enhancement because "fleeing and eluding" is a fifth-degree felony under Ohio law and thus subject to imprisonment for only up to one year. (Motion, Doc. 56, Pg. ID 278.) The two state offenses with which Defendant was charged—tampering with evidence and failure to comply—both carry maximum terms of imprisonment exceeding one year. *See* Ohio Rev. Code §§ 2921.12, 2921.331, 2929.14(1); (Presentence Investigation Report, Doc. 48, Pg. ID 171.) And, while Defendant replies that he was never convicted of tampering with evidence (Reply, Doc. 58, Pg. ID 302), this enhancement explicitly covers offenses punishable by more than one year of imprisonment, "regardless of whether a criminal

5

charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6), Application Note 14(C).

In any event, the Court need not delve into the intricacies of such state offenses. The connection of the firearms to Defendant's seven fentanyl distribution felonies—each carrying a maximum term of 20 years of imprisonment—independently supported application of the enhancement. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). Rather than contest these felonies to which he pled guilty, Defendant seems to argue that the application of the enhancement runs aground on Rule 32 of the Federal Rules of Criminal Procedure. (Reply, Doc. 58, Pg. ID 301-303.) This rule requires the presentence investigation report to contain the defendant's prior criminal record. Fed. R. Crim. P. 32(d)(2)(A)(i). Here, the presentence investigation report complied with this requirement by including Defendant's record of criminal convictions. (*See* Presentence Investigation Report, Doc. 48, Pg. ID 172-80.) And, to the extent Defendant now seeks to relitigate his plea agreement as to his 18 U.S.C. § 922(g)(1) offense, this argument is not well taken. *See United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024) (explaining that § 922(g)(1) applies to a defendant who knows that he has been convicted of a felony and does not require listing a specific predicate felony in the indictment).

In light of the proper application of the enhancement under Section 2K2.1(b)(6), Defendant has failed to show how counsel performed ineffectively or caused him prejudice. *See, e.g., Dockery*, 2015 WL 1486174, at *11 (denying ineffective assistance of counsel claim when charged offenses formed basis of § 2K2.1(b)(6) enhancement, even if defendant could prove that additional conduct was not felonious under state law).

6

"Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation." *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003). Thus, Defendant's first ground for relief is not well taken.

### ii. Constitutionality of 18 U.S.C. § 922(g)(1)

Defendant next claims that counsel was ineffective for failing to contest the constitutionality of 18 U.S.C. § 922(g)(1), which criminalizes possession of a firearm by felons. (Motion, Doc. 56, Pg. ID 269, 280-93.) The Court will construe Defendant's argument as constituting both a facial challenge to the statute and an as-applied challenge.

Starting with the facial challenge, two recent Supreme Court cases set the stage. In *New York State Rifle & Pistol Association v. Bruen*, the Supreme Court clarified that courts confronted with a Second Amendment challenge must consider whether the regulation is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022). The Supreme Court expounded on this standard in *United States v. Rahimi* by focusing on whether a regulation is consistent with the "principles that underpin our regulatory tradition" rather than demanding a "historical twin." 602 U.S. 680, 692 (2024). Applying the jurisprudence of *Bruen* and *Rahimi*, the Sixth Circuit has held 18 U.S.C. § 922(g)(1) to be facially constitutional. *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024); *see also United States v. Parham*, 119 F.4th 488, 495 (6th Cir. 2024); *United States v. Goins*, 118 F.4th 794, 798 (6th Cir. 2024). Defendant's facial challenge therefore fails.

Defendant's as-applied challenge to § 922(g)(1) fares no better. The Sixth Circuit has held that this criminal statute is constitutional as applied to dangerous individuals.

7

*Williams*, 113 F.4th at 663. "A person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed (1) a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary." *Id.* Accordingly, courts are tasked with making a "fact-specific dangerousness determination" that accounts for "a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id.*

As reflected in the presentence investigation report, Defendant has a lengthy criminal history that includes multiple violent and dangerous offenses. (*See* Presentence Investigation Report, Doc. 48, Pg. ID 173-180.) Perhaps most alarming to the Court, Defendant was convicted of attempted improper discharge of a firearm at or into a habitation when gunshots were fired from a vehicle he was driving and struck a 13-year-old girl in a house. (*Id.* at Pg. ID 179.) Additionally, Defendant's criminal record spans offenses, such as drug trafficking, endangering children, domestic violence, attempted aggravated assault, and failure to comply with a police officer's order. (*Id.* at Pg. ID 173-80.) In light of his specific criminal record evincing dangerousness, the Court finds that the Second Amendment is no bar to his conviction under § 922(g)(1).

Placing this analysis within the context of Defendant's ineffective assistance claim, Defendant has failed to show inadequate performance or prejudice. In fact, district courts around the Sixth Circuit have consistently denied ineffective assistance of counsel claims premised on allegations of counsel failing to challenge the constitutionality of § 922(g)(1) under the *Bruen* analysis. *See, e.g., United States v. Ford*, No. 1:19-CR-84, 2025 WL 416807,

8

at *4 (S.D. Ohio Feb. 6, 2025), *report and recommendation adopted*, No. 1:19-CR-84, 2025 WL 1093429 (S.D. Ohio Apr. 11, 2025); *United States v. Cannon*, No. 1:18-CR-454, 2024 WL 3253270, at *6 (N.D. Ohio July 1, 2024); *Crayton v. United States*, No. 1:22-CR-59, 2024 WL 1623094, at *2 (E.D. Tenn. April 15, 2024); *United States v. Hinton*, No. 21-CR-20464, 2024 WL 4495484, at *1 (E.D. Mich. Oct. 15, 2024). Thus, Defendant's second and final ground for relief is not well taken.

### III. Defendant's Request for a Hearing

Defendant requests a hearing on his claims. (Motion, Doc. 56 Pg. ID 293.) "District courts must hold an evidentiary hearing on motions under § 2255 unless the record conclusively shows that the petitioner is entitled to no relief." *Villa v. United States*, 56 F.4th 417, 420 (6th Cir. 2023) (quotation omitted); *see also Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). In light of the record and preceding analysis, a hearing is unnecessary because the record conclusively shows that Defendant is not entitled to relief.

### CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 56) is **DENIED**;

2) For all the reasons stated above, the Court finds that "reasonable jurists" would not debate this conclusion. A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

3) It is **CERTIFIED** that any application by Defendant for leave to proceed in forma pauperis on appeal would not be taken in good faith. *See* Fed. R. App. P. 24.

   **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND