IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-66 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| RAYMOND WILLIAMS, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion for Reduced Sentence Under the Fair Sentencing Act (Doc. 68). The Government did not file any response, and the time to do so has passed. Thus, this matter is ripe for the Court's review.

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). Here, Defendant requests that the Court reconsider the sentence originally imposed based upon his "demonstrated commitment to rehabilitation and compliance with the facility's programs," but he does not point to authority that would allow such reconsideration in this specific situation. (Motion, Doc. 68, Pg. ID 355-56.) Although Defendant labels his request as one for relief under the Fair Sentencing Act, he does not provide argument as to how any specific provision of this Act would apply to him. *See* Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010).

To the extent Defendant's Motion can be construed as seeking credit for his good conduct and rehabilitation efforts under the First Step Act, this is not the proper forum for reasons similar to those the Court previously explained in its Order and Opinion (Doc. 69, Pg. ID 384-85). Following exhaustion, federal courts may review the Bureau of Prison's computation of good-time credit when a petitioner brings a habeas petition, pursuant to 28 U.S.C. § 2241, within the district of the petitioner's confinement. *See Dale v. Healy*, No. 4:24-CV-1627, 2025 WL 1809117, at *3 (N.D. Ohio July 1, 2025), *report and recommendation adopted*, No. 4:24-CV-1627, 2025 WL 2243930 (N.D. Ohio Aug. 6, 2025) (cabining review as to good-time credits through a § 2241 petition filed within the district of confinement); *United States v. Washington*, No. 5:13-CR-03, 2022 WL 243310, at *1 (E.D. Ky. Jan. 24, 2022) (explaining that "[a]ny request for good-time credit must first be made to the Attorney General through the BOP"); *United States v. Ajan*, No. 2:02-CR-71, 2024 WL 1078217, at *3 (E.D. Tenn. Mar. 12, 2024) (same). Defendant has been confined in Atlanta, Georgia, and he has not shown evidence of exhaustion. This precludes relief.

For all these reasons, the Court **DENIES** Defendant's Motion for Reduced Sentence Under the Fair Sentencing Act (Doc. 68). This denial is **WITHOUT PREJUDICE** to the extent that Defendant seeks good time credit under the First Step Act.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND